**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JP MORGAN CHASE BANK, N.A.,

        Plaintiff,

v.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

        Defendant.

Case No. 09-14891

HON. MARIANNE O. BATTANI

Consolidated with,

FIRST AMERICAN TITLE INSURANCE
COMPANY,

        Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

        Defendant.

_____/

Case No. 09-14915

HON. MARIANNE O. BATTANI

**ORDER GRANTING IN PART AND DENYING IN PART J.P. MORGAN CHASE BANK, N.A'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER GRANTING FIRST AMERICAN TITLE COMPANY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; OR IN THE ALTERNATIVE, TO CERTIFY THE OPINION AND ORDER <u>FOR INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS</u>**

Before the Court is J.P. Morgan Chase Bank N.A.'s (Chase) request for reconsideration of the Court's July 8, 2010, Order, in which the Court granted partial

judgment on the pleadings to First American Title insurance Company (First American). In the alternative Chase seeks immediate certification for appeal and a stay of the proceedings. For the reasons that follow, the Court grants in part and denies in part the motion.

**I. RECONSIDERATION**

Pursuant to E.D. Mich. LR 7.1(g)(3), to obtain the requested relief, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

After a thorough review of the motion, the Court finds that Chase has failed to carry its burden of proving a palpable defect requiring correction. Specifically, Chase has presented the same arguments advanced in responding to First American's Motion for Partial Judgment on the Pleadings. Chase merely disagrees with the Court's resolution of the issues. This is not a basis for granting reconsideration.

Neither this order nor the order granting partial judgment on the pleadings constitutes a final and immediately appealable order, because neither conclusively disposes of all issues as to all parties. See Griffin v. Reznick, 609 F.Supp.2d 695, 709 (W.D. Mich. 2008). Therefore, Plaintiff asks the Court to grant certification for interlocutory appeal in the alternative.

## II. CERTIFICATION FOR INTERLOCUTORY APPEAL

At the outset, the Court observes that interlocutory appeals in the federal system generally are disfavored. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." Caterpillar v. Lewis, 519 U.S. 61, 74 (1996). Accordingly, a party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal. W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis), 293 F.3d 345, 350 (6th Cir. 2002); Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993).

Here, the Court agrees with Chase that this is an "exceptional" case, appropriate for interlocutory review. In reaching this conclusion, the Court finds that Chase has satisfied the three criteria articulated in In re City of Memphis, 293 F.3d at 350. First, the issue must involve a controlling issue of law; second, there must be grounds for a substantial difference of opinion as to the outcome of the issue; and third, an immediate appeal may materially advance the ultimate termination of litigation. Id.; 28 U.S.S. § 1292(b).

Here, the controlling issue is whether First American, a title insurer, can satisfy its obligations to the lender, Chase, by conveying title to the property to Chase or whether Chase is entitled to damages. This issue is one of first impression in the Sixth Circuit, and there has been a difference of opinion as to the outcome of the issue as reflected by the Seventh Circuit decision, Citicorp Sav. of Ill. v. Stewart Title Guar. Co. ("Citicorp"), 840 F.2d 526 (7th Cir. 1988), and the Tenth Circuit decision, First Fed. Sav. and Loan Assoc. v. Transamerica Title Ins. Co. ("First Federal"), 19 F.3d 528 (10th Cir. 1994).

Finally, certification will permit outcome-determinative legal issues to be resolved before the parties and the Court expend valuable resources on further litigation. See Simon v. Brentwood Tavern, LLC (In re Brentwood Golf Club, LLC), 329 B.R. 239 , 242 (E. D. Mich. 2005). Notably, in this case if First American tenders title to Chase to satisfy its contractual obligations, Chase will lose its claim for damages. Accordingly, the Court finds that certification for appeal is warranted in this case.

In the event that its request for certification for interlocutory appeal is granted, Chase asks the Court to stay all proceedings in this matter pending resolution of the application for leave to appeal. Under 28 U.S.C. § 1292(b), a stay is not automatic; the "district judge or the Court of Appeals or a judge thereof" must order a stay.

Upon review of all the relevant considerations, the Court stays all proceedings in the matter pending a decision by the Sixth Circuit as to whether it will hear an interlocutory appeal, and if it accepts the appeal, pending resolution of that appeal. Chase shall update the Court within ten days of the resolution of the interlocutory appeal request.

## IV. CONCLUSION

Accordingly, the Court **GRANTS in part and DENIES in part** the motion. Chase's request for reconsideration is **DENIED**; its request for certification of interlocutory appeal and stay is **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2010

**CERTIFICATE OF SERVICE**

      Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                                <u>s/Bernadette M. Thebolt</u>
                                                Case Manager