UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff,

and

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Intervenor Plaintiff,

v.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendant / Intervenor Defendant.
_____/

CASE NO. 09-14891

HON. MARIANNE O. BATTANI

**OPINION AND ORDER SUSTAINING FIRST AMERICAN'S
OBJECTIONS TO FDIC'S PROPOSED JUDGMENT**

This matter is before the court on First American Title Insurance Company's objections to FDIC's proposed judgment. (Doc. 145). For the reasons that follow, First American's objections are **SUSTAINED**.

**I. BACKGROUND**

Following a trial in which a jury awarded FDIC $2,263,510.78 in damages on its closing protection letter claim, FDIC filed a proposed judgment pursuant to Local Rule 58.1(c). (Doc. 144). First American filed objections to FDIC's proposed judgment. (Doc. 147). FDIC filed a response (Doc. 147); First American filed a reply (Doc. 147). First American's objections are now before the Court.

**II.   ANALYSIS**

**A.   First American's Objection to FDIC's Proposed Judgment**

First American's sole objection to the proposed judgment relates to the provision providing that FDIC "be awarded accruing post-complaint pre-judgment interest pursuant to MCL § 600.6013(8)." (Doc. 145, p. 2).  First American argues that FDIC is not entitled to interest under M.C.L. § 600.6013(8) because this is a federal question case, not a diversity case.  The distinction between the two sources of subject matter jurisdiction is significant for purposes of determining FDIC's ability to collect post-complaint pre-judgment interest.

If this is a diversity case, the Court applies Mich. Comp. Laws § 600.6013(8) because state law governs the prevailing party's ability to collect post-complaint pre-judgment interest.  See Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co., 421 F.3d 400, 409 (6th Cir. 2005) ("In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs the award of prejudgment interest."); see also Stryker Corp. v. XL Ins. America Inc., 726 F.Supp.2d 754, 769 (W.D. Mich. 2010) ("Mich. Comp. Laws § 600.6013(8) allows the prevailing party to recover prejudgment interest on a money judgment.").  If this is a federal question case, the Court awards post-complaint pre-judgment interest upon its discretion.  See E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc., 727 F.2d 566, 579 (6th Cir. 1984) (explaining that an award of pre-judgment interest in a federal question case is addressed to the sound discretion of the trial court).  The jurisdictional distinction also affects the rate at which post-complaint pre-judgment interest accrues.

**B.     Source of Subject Matter Jurisdiction**

The parties dispute whether this is a federal question case or a diversity case. First American points out that FDIC invoked this Court's federal question jurisdiction by alleging in paragraph five of its complaint in intervention that subject matter jurisdiction exists under "28 U.S.C. § 1331 because all cases to which the FDIC is a party are deemed to arise under the laws of the United States, by virtue of 12 U.S.C. § 1819(b)(2)(A)." (Doc. 33, ¶ 5 ). FDIC cannot deny it pled federal question jurisdiction; however, in the same paragraph, it further alleged that "[t]he Court also has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367(a)." Id. Thus, on the face of the complaint, FDIC has alleged both federal question and diversity jurisdiction. First American's objection tasks the Court with deciding which of these two alleged bases provides the jurisdictional foundation of this matter.

The Court finds this is a federal question case. The plain language of 12 U.S.C. § 1819(b)(2)(A) provides "[e]xcept as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." In other words, if FDIC is a party in any capacity, and subparagraph (D) does not apply, the Court must treat this case as one arising under federal law. One district court has observed that such treatment is "of course, a legal fiction, because the disputes presented in such suits can ordinarily be matters of state law." RES-NC Settlers Edge, L.L.C. v. Settlers Edge Holding Co., L.L.C., No. 10-173, 2011 WL 3897729, *3 (W.D. N.C. September 6, 2011).

The application of §1819(b)(2)(A) is straightforward in this case: FDIC is suing First American for money damages in its capacity as a receiver for WaMu. The statute

3

unambiguously requires the Court to characterize this matter as one "arising under" federal law unless subparagraph (D) applies. Subparagraph (D) provides an exception to the federal question classification. It reads: "any action . . . to which the [FDIC] in [its] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than plaintiff, . . . shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(D). This exception does not apply because FDIC is a plaintiff in this case. Moreover, FDIC's receivership in this case was not the result of an "exclusive appointment by State authorities" because the Office of Thrift Supervision, an organization within the United States Department of the Treasury appointed FDIC receiver of WaMu, not any state authority. Therefore, by operation of §1819(b)(2)(A), the Court considers this matter a federal question case.

In addition to this statutory federal question imputation, 28 U.S.C. § 1345 provides an alternative basis for federal question jurisdiction. Section 1345 provides the district courts with original jurisdiction of all civil actions "commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." As the courts have explained, "[a]n alternative ground for federal question jurisdiction is furnished by 28 U.S.C. § 1345." <u>In re National Sec. Agency Telecommunications Records Litigation</u>, 633 F.Supp.2d 892 (N.D. Cal. 2007). Here, FDIC has acknowledged it is an agency of the United States and expressly pled 28 U.S.C. § 1345 as a basis of subject matter jurisdiction. <u>See</u> (Doc. 33, ¶ 5 ). Accordingly, the Court finds two separate sources of federal question jurisdiction in this case.

Notwithstanding the above, FDIC insists this case is properly before the Court on diversity grounds. (Doc. 147, p. 4-5). The Court rejects this assertion in light of the unambiguous command of 12 U.S.C. §1819(b)(2)(A), 28 U.S.C. § 1345, and the well-settled case law which teaches that stateless entities such as FDIC are barred from proceeding in federal court on diversity grounds. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829-30 (1989) (A court does not have diversity jurisdiction over a case in which a real party in interest is not a citizen of any state); Hancock Financial Corp. v. Fed. Sav. & Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir. 1974) ("[A]s federally-chartered corporation, the FDIC is not a citizen of any state, but rather is a national citizen only."); see also RES-GA Four L.L.C. v. Avalon Builders of G.A. L.L.C., No. 10-463, 2012 WL 13544, *3 (M.D. Ga., January 4, 2012) (collecting cases holding that FDIC is a stateless citizen for purposes of the diversity analysis).

### C. FDIC's Ability to Collect Post-Complaint Pre-Judgment Interest

Having concluded that this case is before the court on federal question grounds, the Court turns to the question of whether FDIC is entitled to post-complaint pre-judgment interest. The purpose of such an interest award is to "compensate the plaintiff for the delay between the time the cause of action arose and the verdict." Conte v. General Housewares Corp., 215 F.3d 628, 640 (6th Cir. 2000). Courts have developed federal common law rules for determining whether a prevailing plaintiff is entitled to pre-judgment interest. See Ford v. Uniroyal Pension Plan, 154 F.3d 613, 619 (6th Cir. 1998). In deciding whether an interest award is warranted, a court considers:

> 1) the need to fully compensate the wronged party for actual damages suffered; 2) considerations of fairness and the relative equities of the award; 3) the remedial purpose of the statute involved; and/or 4) such other general principles as are deemed relevant by the court.

Loesel v. City of Frankenmuth, 743 F.Supp.2d 619, 648-49 (E.D. Mich. 2010) (citations omitted).  "[P]rejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable."  Laborers' Pension Trust Fund-Detroit and Vicinity v. Family Cement, 677 F.Supp. 896, 898 (E.D. Mich. 1987) (internal quotation marks and citation omitted).

The parties' briefs suggest FDIC's ability to collect post-complaint pre-judgment interest turns on whether its closing protection letter claim was liquidated.  See (Doc. 147, p. 2-3; Doc. 148, p. 2-3).  The parties are mistaken.  The Sixth Circuit has held that "whether or not a claim is liquidated is inconsequential" for the purposes of determining whether the prevailing party is entitled to pre-judgment interest in a federal question case.  Stern v. Shouldice, 706 F.2d 742, 747 (6th Cir. 1983).  In accordance with the Sixth Circuit's pronouncement, the Court considers the liquidated-unliquidated distinction immaterial in the pre-judgment interest analysis.  Consequently, the Court declines to address whether FDIC's closing protection claim was liquidated.  Instead, it applies the factors set forth in Loesel.

After balancing the particular equities of this case, the Court finds that FDIC is entitled to post-complaint pre-judgment interest.  As receiver for WaMu, FDIC has not had access to the misappropriated closing funds since First American's agent stole them in September 2007.  Post-complaint pre-judgment interest compensates FDIC for the lost use of those funds between the filing of the complaint and the jury verdict.  See Sweet v. Consolidated Aluminum Corp., 913 F.2d 268, 270–71 (6th Cir. 1990).  This award is consistent with the jury's verdict which already includes pre-complaint interest.

An award of post-complaint pre-judgment interest serves the goal of making FDIC whole and fully compensating the injury giving rise to the underlying action.

### D. Post-Complaint Pre-Judgment Interest Rate

First American also argues that if the Court awards FDIC post-compliant pre-judgment interest, that interest should accrue at the rate provided by 28 U.S.C. § 1961, the federal post-judgment interest rate, instead of the rate described in Mich. Comp. Laws § 600.6013(8). FDIC desires the state law rate. "In federal question cases, absent statutory directive, the rate of prejudgment interest is left to the Court's discretion." Orshan v. Macchiarola, 629 F.Supp. 1014, 1017 (E.D. N.Y. 1986) (citations omitted). The Sixth Circuit "generally afford[s] the district court great discretion in the calculation of prejudgment interest." United States v. City of Warren, Mich., 138 F.3d 1083, 1096 (6th Cir.1998). The court is not obligated to adopt the statutory post-judgment rate set forth in §1961 to calculate the rate of pre-judgment interest in a federal question case. See EEOC v. Wooster Brush Co. Employees Relief Ass'n, 727 F.2d 566, 579 (6th Cir. 1984). In this context however, "the § 1961 rate has been upheld numerous times." Rybarczyk v. TRW, Inc., 235 F.3d 975, 986 (6th Cir. 2000).

Here, the Court finds that the interest rate under § 1961 is reasonable and appropriate in light of Congress' intent that the Court treat this matter as one "arising under" federal law. See Ford v. Uniroyal Pension Plan, 154 F.3d 613, 619 (6th Cir.1988) ("[T]he statutory postjudgment framework set forth in 28 U.S.C. § 1961 is a reasonable method for calculating prejudgment interest awards."). Therefore, the Court concludes that FDIC is entitled to post-complaint pre-judgment interest as calculated

under 28 U.S.C. § 1961 for the period between June 14, 2010 (the date of FDIC's complaint in intervention) and the date of final judgment.

### III. CONCLUSION

For the reasons stated above, First American's objections to FDIC's proposed judgment (Doc. 145) are **SUSTAINED**. The Court will enter a final judgment consistent with this opinion.

**IT IS SO ORDERED.**

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATE:  January 30, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record, via the Court's ECF System.

> s/Bernadette M. Thebolt
> Case Manager